By the Court.
Smith, J.
This case comes before us on exceptions taken at the trial before a judge of *298 this court without a jury, which were ordered to be heard in the first instance at the general term.
The action is to recover a tax alleged to have been 'duly and legally assessed on defendant’s property, the plaintiff being a village corporation created under chap. 24? of the laws of 1847, and the defendant a corporation located in said village.
On the trial the plaintiff proved by the book of records of its corporate proceedings that February 6, 1872, the village trustees passed a resolution that at the annual village election to be held March 5th, 1872, moneys be raised by tax to the amount and for the purposes following, viz.: “ Cross-walks $50.00 ; clerks’ fees, $50.00 ; assessors’ fees, $15.00 ; office rent $25.00 ; stationery, $5.00; for engine-house, council room, and watch house, $4,000.00 ; contingent fund, $75.00 ; ” in ¿all 14,220.00. Plaintiff also proved that in the notice of said annual election given pursuant to said act, it was stated that the electors would be requested to vote at such election to raise by tax the sum of $4,220.00, and specified the amount and objects of the tax and the sum required for each object in the same words used in said resolution of the trustees, except that in the notice the item of $4,000,00 was stated to be “ for engine-house and council room,” instead of for “ engine-house, council room, and watch house,” as •stated in the resolution. Plaintiff having proved that the annual election was held on the day last named, offered to prove by parol that at such election the electors adopted a resolution to raise by tax the said sum •of $4,220.00, specifying the objects and the sum required for each object in the same identical language used in the notice of the election, and that the final vote in respect to each sum was taken separately. The parol proof was objected to by defendant on the ground that the plaintiff’s book of records already in «evidence contained entries showing the proceedings of *299 said election kept by plaintiff s clerk, in which the entry in respect to said tax, and the only entry relating to it, was in these words, viz.: “The tax of $4,220.00 was voted to be raised by a vote of thirty-six to fourteen ; ” that said book of records was the only evidence by which the facts could be proved ; that the records could not be contradicted or varied by parol testimony, and that as the assessors could proceed to assess the tax only upon_ a certified copy of the resolution adopted by the meeting, the record or resolution could not be contradicted or varied by parol. The court excluded the parol testimony offered, and plaintiff excepted, and then gave in evidence plaintiffs records, showing the proceedings and vote upon said tax at said election as above stated, and offered to prove by parol the same facts as before, not to contradict the records but as supplementary thereto, to which defendant objected on the same grounds as before ; the court sustained the objection and the plaintiff excepted, and then offered to prove by parol that plaintiff’s clerk in making the entry in the records in respect to the vote at the election upon the taxes to be raised as given in evidence, made a clerical error, and that entry should read, and was in fact intended to be entered by him so as to read as follows: ‘-The tax of $4,000.00, was voted to be raised by a vote of thirty-six to fourteen, the other items of taxes having been voted unanimously.” The defendant objected to such evidence, on the same grounds as before ; the plaintiff excepted, and offering no further proof the court decided that the complaint must be dismissed, to which plaintiff excepted.
This action being for the collection of a tax, the plaintiff in order to recover must show a strict compli anee with the provisions of the statute under which the tax was levied (Sharp v. Speir, 4 Hill 76; Sharp v. Johnson, idem 92).
That statute provides that no tax shall be voted to *300 be raised at any election or meeting of the electors, unless the notice required by the act to be given, shall specify the amount and objects of such tax, and the specific sum required, or proposed to be raised for each object; also that every resolution adopted at every such election or meeting directing any tax to be raised, shall distinctly specify the objects for which such tax shall be directed tobe raised, and the sum to be applied to each of such objects; otherwise such resolution shall be absolutely void. And further that any sum specified in any such notice and proposed to be raised by tax for any specific object may be reduced, but shall not to be increased before the final vote in respect to raising the same ; that the final vote in respect to raising every such specific sum shall be taken separately ; that every proposition to raise any such specific sum shall be deemed a separate and distinct resolution in the proceedings thereon at such meeting, and shall be in form a distinct and separate resolution, and that every vote to raise any sum of money by tax in such village shall be absolutely void if not taken as provided by this statute, chap. 426, Laws 1847, secs. 29, 30, 31.
The objects of these provisions are plain. They were intended to notify the electors before the day of election, of each specific object for which the trustees propose to levy a tax, and how much it is proposed to raise for each object; aud to enable each elector to vote separately for or against each object specified, and for or against the amount proposed to be raised for each object.
In the case before us, neither the resolution of the trustees fixing the amount of taxes to be raised at the plaintiff1 s annual village election in 1872, nor the notice of that election given in pursuance of the resolution, nor the vote taken at the election, even if taken in the form claimed by plaintiff and offered to be proved by parol, was a compliance with the statute.
*301 By section 28, sub-division 4 of the act above referred to the plaintiff was empowered to levy taxes for the purpose of procuring the necessary ground and erecting an engine-house for each fire-engine owned by the village. In 1871, the legislature empowered the plaintiff to 1 ‘ raise a tax for the purpose of building a council-room and police station for the use of the village, such tax to be raised at the annual election, and in the manner, and as by law of said village other taxes are now raised” {Laws 1871, vol. 1, p. 1150). I think it clear that this act contemplates the erection of one building for a council-room and police station, and such building is therefore one object for which a tax may be raised under the general act. Certainly the plaintiff can not complain of this construction, for it is that most favorable to it. But there is no authority in either act for the village to erect one building for an engine-house, council-room, and police station. At all events, there is no authority to raise by tax one sum to be expended in a building to be used as an engine-house, and as a council-room and police station. There is no necessary connection between these different objects, and they are, within the meaning of the statute, wholly distinct and separate. An elector might well be in favor of the purchase of the necessary ground, and the erection thereon of an engine-house, and yet be wholly opposed to the building of a council-room and police station. Each elector had a right to vote on the question of building an engine-house, and of the amount of the tax to be raised for that specific purpose, wholly disconnected from any other proposition, and to reason with and canvass his fellow-electors as to that object, single and alone; to have every other elector vote on that distinct proposition, separate from all others, and to have the result of the vote entered in the records of the election on that proposition alone ; and the electors had a right to have due public notice given, *302 as required by the act, of the specific sum to be raised for the engine-house. The same remarks are true, on the other hand, in respect to a council-room and police station. Each elector had a right to have notice of the amount of the tax proposed to be raised for that specific object, to vote himself and have every other elector vote for or against that object alone, and upon the amount of tax to be raised for that specific object, and have a separate record made of the,vote on that proposition.
It is plain, then, I repeat, that in the case before us, the requirements of the act have not been complied with. The resolution of the board of trustees authorizing the giving of the notice of the election required by section 29, was to raise by tax four thousand dollars “for engine-house, council-room, and watch-house.” The notice of the election stated that the electors would be requested to vote to raise by tax four thousand dollars, “ for engine-house and council-room.” The vote on the day of election was, according to the records given in evidence, to raise four thousand two hundred and twenty dollars by tax for all the eight objects specified in the notice, no distinct vote being certified upon any specific sum or object, and even the vote plaintiff proposed to prove by parol was to raise the tax of four thousand dollars, for engine-house and council-room.
The resolution, notice of the election, and the vote taken at the election to raise the tax for which this action was brought, were therefore not in the form and manner provided by the statute, but in a form and manner essentially different, so as to defeat the wholesome restrictions imposed by the statute, and deprive the electors of their rights under it, and were in the language of that statute “absolutely void.”
There are minor questions in the case which I have *303 not deemed it necessary to consider, as the point decided is fatal to the action.
The exceptions are overruled, and final judgment must be entered for the defendant, with costs.